*The Law Office of*
*John Richard Bordallo Bell*
341 S. Marine Corps Drive
RK Plaza Suite 309
Tamuning, Guam 96913
Tel: (671) 488-1159
john.r.b.bell@gmail.com

Attorney for Plaintiff,
　　　Jocelyn A. Orio



**FILED**
DISTRICT COURT OF GUAM

DEC 24 2014

**JEANNE G. QUINATA**
**CLERK OF COURT**

IN THE DISTRICT COURT OF GUAM

----------------

JOCELYN A. ORIO,

　　　Plaintiff,

vs.

　　　DAL GLOBAL SERVICES
LLC, DEFENDANT

CIVIL CASE NO. CV **1 4 - 0 0 0 2 3**

**COMPLAINT**

1.  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (Federal Question).

2.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination retaliation and the Americans With Disabilities Act of 1990, as amended. Jurisdiction is further conferred on this Court by 42 U.S.C. Section 2000e(5). Equitable and other relief are also sought under 42 U.S.C. 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. Sections 1343 and 42 U.S.C. Sections 1981 et seq and this Court may exercise supplemental jurisdiction of all related territorial based claims.

COMPLAINT - 1

# ORIGINAL

3. Plaintiff has complied with all conditions precedent to maintain an action under Title VII and 42 USCA §2000e, et seq, to wit:

    a. On December 22, 2011, Plaintiff EEOC Charge of Discrimination No. 846-2012-16908 regarding her immediate supervisor's harassment, as further described herein.

    b. On May 16, 2012, Plaintiff submitted a second EEOC complaint with the EEOC's Honlulu Office, this time adding the claims of retaliation, disability discrimination, and wrongful termination, as further described herein.

    c. On or about September 30, 2014, a Notification of Right to Sue regarding Plaintiff's second EEOC complaint against Defendants, EEOC Charge No. 486-2012-00284, was received from the EEOC, a true and correct copy of which is **attached herein as Exhibit 1.**

    d. This complaint has been filed within ninety (90) days of the receipt of the Notification of Right to Sue.

4. Plaintiff, Jocelyn A. Orio, is a fifty-three (53) year old female of Filipino descent and a U.S. citizen who at all relevant times herein resided in Guam.

5. Upon information and belief, Defendant, DAL Global Services ("DGS") is a limited liability company whose sole member is Delta Air Lines, Inc. ("Delta"), a Delaware corporation with its principal place of business in Georgia, and therefore DGS is a citizen of Delaware and Georgia.

COMPLAINT - 2

6. The unlawful employment practices described herein were committed within the territory of Guam.

7. Plaintiff has been discriminated against in ways that deprive and tend to deprive her of equal employment opportunities and otherwise affect her status as an employee because of her national origin (Filipino), race (Asian), gender (female), disability (low back and knee pain and deterioration) and DGS retaliated against Plaintiff because engaged in protected activity when she complained to her DGS employers about such discrimination.

8. On or about April 19, 2011, Plaintiff began working for DGS as a cabin and ramp agent at an hourly rate of $7.80 per hour.

9. Ramp agent duties include loading luggage onto airliners and cabin agent duties include cleaning and preparing airliner cabins for flights.

10. On or about August 26, 2011, due to severe knee and back pain, Plaintiff's physician placed her on light duty, restricting her from lifting more than thirty (30) pounds, for an unspecified time. Plaintiff was permitted to continue performing her duties at DGS with certain accommodations such as allowing her to swap heavy-lifting duties with other employees and vacuuming the airliner cabins while carrying rather than wearing a heavy vacuum backpack, or to simply trade cleaning duties with willing personnel so that she would not have to vacuum.

COMPLAINT - 3

11. In September of 2011, Plaintiff's shift supervisor, George Cruz ("Cruz"), who is believed to be of Chamorro descent, threw a pillow in Plaintiff's face and shouted at her. Referring to the way she was cleaning tray tables, Cruz remarked, "Is this how you clean your punket?!," where "punket" is a known slang word for "vagina" on Guam.

12. In or around October of 2011, Cruz verbally abused Plaintiff in front of other employees by asking her loudly, "why did they even hire you?"

13. In or around November of 2011, Cruz would refer to Plaintiff, in front of other employees such as Matthew Quenga and Jackquin Chargualaf, as "Mamasan." Particularly on Guam, "Mamasan" is a term normally used for older asian women who work in brothels or nightclubs of ill repute.

14. On November 9, 2011, Plaintiff wrote a letter addressed to "the management of Delta (G)lobal (S)ervices," which detailed several instances of Plaintiff facing harassment and discrimination at the hands of Cruz.

15. Plaintiff handed the letter described in paragraph 14 to the Ramp and Cabin Supervisor, Derek Chaparro ("Chaparro"), who is also believed to be of Chamorro descent. Chaparro then read it, handed it back to Plaintiff, and told Plaintiff he would not fire Cruz but might fire Plaintiff instead. In this same time period, Cruz and Chaparro referred to Plaintiff as a "snitch."

16. On December 22, 2011, Plaintiff filed EEOC Charge of Discrimination No. 846-2012-16908 regarding Cruz's harassment.

COMPLAINT - 4

17. Glenn Weber, the Station Manager and a senior management official at DGS, was aware of Plaintiffs' concerns but refused to do anything to discipline Cruz and also failed to separate the two, leaving Plaintiff to have to work her shifts being closely supervised by Cruz, who would tell Plaintiff to quit her job because he knew her complaints would be in vain.

18. Weber would later tell Plaintiff that any decision he made regarding Cruz was confidential.

19. Plaintiff was forced to alter her work schedule and reduce her hours and pay just to avoid Cruz's constant harassment.

20. Since submitting her November 9, 2011 letter, Plaintiff was forced to do unusually difficult and distasteful tasks she never had to do before, such as cleaning out the human waste from the airliner's commode.

21. Since submitting her November 9, 2011 letter, DGS began to assign Plaintiff with vacuuming duties more frequently, knowing that her physician had advised against carry heavy loads such as the vacuum backpack. Plaintiff was assigned vacuum duties in April and May of 2012 even while DGS management knew Plaintiff was under specific medical restrictions which made these tasks difficult and painful.

22. Moreover, Cruz forbid Plaintiff from swapping this duty with willing employees such as Rebekah Borden, Matthew Quenga, Jackquin Chargualaf, or Jose Kidd, who were themselves permitted to swap such duties. In fact, all

COMPLAINT - 5

DGS employees were freely permitted to swap such duties at will, except for Plaintiff, and only since Plaintiff's November 9, 2011 letter to DGS management.

23. For example, on May 6, 2012, Plaintiff was assigned a task cleaning areas that were hard to reach and a taller employee known as Hilton Ngirdmadu offered to trade assignments. The team leader, Pauline Pocaique, approved the swap, yet Cruz once again singled out Plaintiff as the only employee not being allowed to do any assignment swaps.

24. The same day, Weber called Plaintiff to tell her the medical excuse she had submitted had expired because DGS only honored the medical excuses for thirty (30) days, even though the doctor had given Plaintiff a restricted duty excuse through June of 2012.

25. On May 11, 2012, Chaparro called Plaintiff, informed her she would no longer be reporting to work, and instructed her to turn in her employee badge.

26. On May 16, 2012, Plaintiff submitted a second EEOC complaint with the EEOC's Honlulu Office, this time adding the claims of retaliation, disability discrimination, and wrongful termination, as further described herein.

27. On or about September 30, 2014, Plaintiff received a Notice of Right to Sue letter from the EEOC for EEOC Charge No. 486-2012-00284.

28. DGS, its agents, servants or employees, by their conduct alleged herein, intentionally, willfully, and without justification deprived Plaintiff of her

COMPLAINT - 6

rights, privileges, and immunities secured by the Constitution and laws of the United States and the territory of Guam, particularly the right to be free from unlawful discrimination and retaliation in her employment.

29. Since her unlawful termination by DGS, Plaintiff has been unable to find alternative employment and has suffered damages in an amount to be proved at trial for lost wages, benefits, and any and all compensatory and punitive damages allowed by law and equity.

WHEREFORE, Plaintiff requests that this Court:

1. Award Plaintiff compensation for general damages in accordance with the law and as proven, up to $100,000.00; and

2. Award Plaintiff punitive damages in accordance with the law and damages proven, up to $300,000.00; and

3. Award Plaintiff her reasonable attorney's fees; and

4. Award Plaintiff her costs and disbursements; and

5. Award Plaintiff any and all other relief this Court deems just and proper.

Respectfully submitted at Hagatna, Guam on this 24th day of December, 2014.

*The Law Office of John Richard Bordallo Bell*

By_____

John Richard Bordallo Bell, Esq.

COMPLAINT - 7

*The Law Office of*
*John Richard Bordallo Bell*
341 S. Marine Corps Drive
RK Plaza Suite 309
Tamuning, Guam 96913
Tel: (671) 488-1159
john.r.b.bell@gmail.com

Attorney for Plaintiff,
    Jocelyn A. Orio

IN THE DISTRICT COURT OF GUAM

---------------

| | |
|---|---|
| JOCELYN A. ORIO,<br><br>Plaintiff,<br><br>vs.<br><br>DAL GLOBAL SERVICES LLC, DEFENDANT | CIVIL CASE NO. CV_____<br><br>**DECLARTION OF COUNSEL WITH ATTACHED EXHIBIT 1** |

1. I am an attorney with The Law Office of John Richard Bordallo Bell and counsel of record for Plaintiff, Jocelyn A. Orio, in the above-entitled matter.

2. I make this declaration based on personal knowledge, and I am prepared and able to testify to all matters contained herein, except where any statutes are based upon information and belief, in which case I believe them to be true;

3. Attached herein as "Exhibit 1" is a true and correct copy the Notice of Right to Sue which Plaintiff received from the Equal Employment Opportunity Commission on or about September 30, 2014.

4. Further, affiant sayeth naught.

DECLARTION OF COUNSEL WITH ATTACHED EXHIBIT 1 - 1

I DECLARE UNDER PENALTY OF PERJURY that the foregoing statements are true and correct to the best of my knowledge and belief.

Respectfully submitted at Hagatna, Guam on this 24th day of December, 2014.

*The Law Office of John Richard Bordallo Bell*

By_____/s/ JRBBell_____

John Richard Bordallo Bell, Esq.

DECLARTION OF COUNSEL WITH ATTACHED EXHIBIT 1 - 2

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Jocelyn Orio<br>465 Salisbury St<br>Tamuning. GU 96931 | From: Honolulu Local Office<br>300 Ala Moana Blvd<br>Room 7-127<br>Honolulu, HI 96850 |

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **486-2012-00284** | Rogelio A Colón,<br>Investigator | (808) 541-3115 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Timothy A. Riera,
Director

9/25/14
(Date Mailed)

Enclosures(s)

cc: **DAL GLOBAL SERVICES**
**c/o Lisa Burns, HR Manager**
**P.O. Box 20706**
**Department 937**
**Atlanta, GA 30320-6001**

EXHIBIT "1"