# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JOCELYN A. ORIO, | CIVIL CASE NO. 14-00023 |
| Plaintiff, | |
| vs. | **ORDER** |
| DAL GLOBAL SERVICES, LLC, | |
| Defendant. | |

Before the court is Defendant DAL Global Services, LLC.'s Bill of Costs. *See* ECF No. 51. For the reasons stated herein, Defendant's Bill of Costs is **GRANTED** in part and **DENIED** in part.

On December 24, 2014, Plaintiff Jocelyn A. Orio ("Plaintiff") filed a Complaint against Defendant DAL Global Services, LLC ("Defendant"), alleging violations under Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990. Defendant filed a motion for summary judgment, which this court granted. Thereafter, Plaintiff filed a motion for reconsideration, which this court denied. The court now considers the Bill of Costs filed by Defendant.

Plaintiff opposes the Bill of Costs. She argues that Defendant is not entitled to costs under the Americans with Disabilities Act ("ADA") "and related Title VII case law" unless the court finds that Plaintiff's action was frivolous, unreasonable, or without foundation pursuant to the *Christiansburg* standard. *See* ECF No. 54 at 1.

The court agrees in part. The Ninth Circuit in *Brown v. Lucky Stores, Inc.* held

that "the *Christiansburg* test [] applies to an award of costs to a prevailing defendant under the ADA." *Brown*, 246 F.3d 1182, 1190 (9th Cir. 2001). Thus, in order for this court to award costs under the ADA claims, the court must first find that Plaintiff's action was frivolous, unreasonable, or without foundation. *Christiansburg Garment Co. v. Equal Employment Opportunity*, 98 S.Ct. 694, 700 (1978).

In *Christiansburg*, the Supreme Court cautioned that

> . . . because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic would discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co.*, 98 S.Ct. at 700-01.

As such, this court declines to find Plaintiff's ADA claims to be frivolous, unreasonable or without foundation, simply because it ruled in favor of Defendant's summary judgment motion. As this court noted in its decision, "a sufficiently severe or pervasive hostile work environment based on disability presents *a high bar*." *See* Order, ECF No. 44, at 30 (emphasis added). Although Plaintiff did suffer some kind of harassment, this court found that "the harassment [Plaintiff] experienced was not enough to amount to a disability discrimination claim." *Id.* at 32. The fact that the court found for the Defendant in the summary judgment motion does not equate to the claims being frivolous, unreasonable or without foundation. Accordingly, the court will not award costs under the ADA.

The court will, however, award costs under the Title VII claims. The Ninth Circuit held that "[t]here is no express statutory provision for applying *Christiansburg* to cost awards [under Title VII], and [it] see[s] no reason to impose rigid limitations on the district court's discretion." *Nat'l Org. for Women v. Bank of California, Nat'l Ass'n*, 680 F.2d 1291, 1294 (9th Cir. 1982). *See also Martin v. California Dept. of Veterans Affairs*, 560 F.3d 1042, 1052 (9th Cir. 2009)

(noting that the *Christiansburg* test applies to an award of costs under ADA but not to an award of costs under Title VII).

Under 28 U.S.C. § 1920, a federal court may tax specific items as costs against a losing party pursuant to Rule 54(d)(1). Rule 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Thus, the rule creates a presumption in favor of awarding costs to a prevailing party and that it should be awarded "as a matter of course in the ordinary case." *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591-93 (9th Cir. 2000).

Here, Defendant requests costs for filing fees, service of summons and subpoena, deposition transcripts, and photocopying. These are all permissible under 28 U.S.C. § 1920.

Where a defendant prevails on a claim that entitles the defendant to costs in addition to ADA claims that do not, a district court may award costs for the non-ADA claim in proportion to the percentage of the total litigation that claim represents. *See Martin*, 560 F.3d at 1052. In this case, the court finds that Plaintiff's Title VII claims were her primary claims and her ADA claims came close to that.[1] Accordingly, the court awards 60 percent of Defendant's total requested cost of $1,986.00, for a cost award of $1,191.60.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
　　**Chief Judge**
**Dated: Mar 19, 2018**

---

[1] Defendant argues that since parts of Plaintiff's ADA claim were abandoned, that "the ADA claim represents no more than 30% of the total lawsuit, and fees should be no less than 70% of that claimed." ECF No. 56, at 3. The court disagrees. Although Plaintiff clarified at the summary judgment motion hearing that she was not actively pursuing a reasonable accommodation request (because she is no longer employed by Defendant), Plaintiff maintained that she was terminated because Defendant refused to accommodate. *See* ECF No. 48, at 4-14.